KENNEY, Respondent, v. BLACK HILLS TRUST & SAVINGS BANK et al., Appellants.

(178 N. W. 979.)

(File No. 4737. Opinion filed August 25, 1920. Rehearing denied November 6, 1920.)

Evidence—Agency Re Sale of Mining Claim, Evidence Re Price Conflicting—Whether Option Holder an Agent—Instructions as Duly Covering Issues.

Where, in a suit against a bank and its cashier, to recover an alleged balance due plaintiff as proceeds of purchase price of plaintiff's interest in a mining claim sold by R, the cashier under an agency from plaintiff, the evidence being conflicting solely on question of what occurred between plaintiff and R as to purchase price; R having purchased options on the remaining interests in the claim, and having testified that he told plaintiff he wanted a deed from him therefor for a $1000 theretofore agree upon, and that plaintiff replied that R already had a deed and to go on and sell the property and give him the $1000; that thereafter plaintiff agreed that if R would take his interest therein and pay what there was against it and return him certain notes held by the bank, he might do so; plaintiff denying he had authorized R to sell for $1000, and testified that nothing was said about price, and denied telling R that he could have his interest if he would pay the bank notes R having thereafter paid them; held, under this conflicting evidence, that trial court correctly and with sufficient clearness presented to jury the disputed issues of fact, in instructing in substance that it was competent for an owner of property to agree that one selling it may retain all he receives therefor above a fixed amount; that if such was the agreement between plaintiff and R, plaintiff was not entitled to recover anything above the specified sum; that if owner gives an option to another for property at a specified price, holder of option is not to account to owner for purchase price above the sum fixed, and that the option holder is not

20—Vol. 43, S. D.

owner's trustee, agent or broker for its sale, but in selling acts for himself; and that if R acts without misrepresentations of fact or any concealment of fact re the transaction, and if plaintiff had full knowledge as to negotiations for sale, plaintiff cannot recover; and that jury's verdict conclusively established plaintiff's version of facts.

Whiting, J., not sitting.

Appeal from Circuit Court, Lawrence County. Hon. James McNenny, Judge.

Action by D. F. Kenny, against the Black Hills Trust & Savings Bank, a corporation, and Burt Rogers, to recover an alleged balance due plaintiff in a transaction of settlement of bank notes and sale by Rogers of plaintiff's interest in a mine. From a joint judgment against defendants, and from an order denying a new trial, defendant Rogers appeals. Affirmed.

*Eben W. Martin,* and *Norman T. Mason,* for Appellants.
*W. G. Rice,* for Respondent.

SMITH, J.   Plaintiff recovered a joint verdict and judgment agains the Black Hills Trust & Savings Bank and one Burt Rogers in the sum of $2,802.96. Rogers alone appeals from the judgment and an order refusing a new trial.

There is but one material conflict in the evidence which will be referred to presently. The record discloses the following facts:

On February 5, 1916, plaintiff was indebted to the defendant bank on two promissory notes, aggregating $471.55. To secure payment of these notes, plaintiff executed and delivered to defendant Rogers, who was cashier of the bank, a deed of a three-fifths interest in certain mining property. Each of said notes contained a provision for a sale of plaintiff's interest in the mining property, without notice, upon default of payment, authorized the bank to apply the net proceeds in payment of said indebtedness, and required the bank to account to plaintiff for the surplus, if any. The notes were to become due February 5, 1917. In May, 1916, Rogers obtained an option running for six months, at a price of $333.33, from one Johnson, who owned a fifth interest in the mining property, and shortly therafter obtained an option from one Lonergan, who owned the remaining one-fifth interest, at the price of $600. After obtaining these options, Rogers started to work up a sale of the property, apparently to the "Echo Company." The details of these negotiations are not in the rec-

ord, but on November 24, 1916, Rogers received a telegram from one Mason, which read as follows:

"Can escrow be taken up and property deeded to myself and friend? The Echo Co., not ready now. Wire at once to N. D. Eldredge, 36 Bloomfield St., Boston, Mass."

Appellants replied to this telegram, but the reply does not appear in the record. However, on December 2, 1916, Rogers executed and delivered to W. L. Mason and N. D. Eldredge a deed for the entire mining property, and received therefor the sum of $5,000. In his answer Rogers admits that plaintiff's three-fifths interest was sold for $3,000. It seems that the two options held by Rogers on the Johnson and Lonergan interests expired on the 30th of November, 1916.

The record discloses intervening transactions between Rogers and Kenny in substance as follows:

In May, 1916, Rogers met Kenny and told him that the bank examiner had requested the bank to collect Kenny notes, and asked him if there was not some way in which he could pay them. Kenny replied that the only way he could pay was by a sale of the mining property, and requested Rogers to try to sell it. It is conceded that Kenny authorized Rogers to sell the property to pay off the bank, but the evidence is conflicting as to what occurred between them in that connection. Rogers testified: That shortly after securing the options on Lonergan's and Johnson's interests he told Kenny he had them, and that he wanted a deed from Kenny to himself for a consideration of $1,000, theretofore agreed upon, to which Kenny replied that Rogers already had a deed, and to go on and sell the property, and give him the $1,000. That on November 29th he saw Kenny in the Elks' Club Room, and told him that he had not made a sale of the property, and that Kenny thereupon said to him:

"Why don't you buy this property yourself, and pay off the bank? If you will take my interest, and pay what there is against it, and give me back my notes, that's all I will ask for it."

That he (Rogers) then went to the telephone and called up Lonergan, and told him the deal had fallen through. That the options expired the next day, and that Kenny had offered to sell his interest at just what there was against it, and that if he (Lonergan) would come down on his price he (Rogers) would buy it himself. That Lonergan said he would come down $100,

and Rogers said he would take the property, and thereupon sent him a check for $500. That at that time he had no idea Mason and Eldredge would take the property, because he had told them that the money must be there by the 29th, and it was not there.

Kenny denied aboslutely that he had ever authorized Rogers to sell the property for $1,000, and testified that nothing was ever said about the price, that Rogers never asked him for an option on the property to himself, and that he never told Rogers he could have his interest in the property if he would pay the bank what there was against the property and give back his notes. It is undisputed that Rogers did pay the bank the amount due but the date of payment is not disclosed by the record. Appellants' contention, therefore, is in effect that he bought the property from Kenny, and paid therefor the amount of Kenny's indebtedness to the bank, though in his testimony he designated the transaction with Kenny as an option which he had accepted.

This conflicting evidence presents the vital issue in the case, which was submitted to the jury under instructions by the trial court, excepted to on various grounds, which exceptions constitute the only assignments of error. The trial court instructed the jury as follows:

"The defendants contend that shortly after the giving of the notes that the plaintiff Kenny instructed Rogers to sell his interest in the property if he could, and that Rogers could retain all he got for the interest in the property above $1,000. The defendants further contend that on November 29th Kenny and Rogers had a further conversation at which it was agreed that Rogers should have Kenny's interest in the property if he (Rogers) would pay the notes at the bank and pay the taxes, and that Rogers did pay the notes and the taxes and gave the plaintiff in addition thereto the sum of $10, which plaintiff accepted, * * * Plaintiff contends that when he received the $10 * * * Rogers represented to him that the $10 represented all the proceeds of the property after complying with the original agreement; that is, the payment of the notes and taxes and incidental expenses of the sale. * * * I charge you further, gentlemen, that it is perfectly competent for an owner of property to agree that a party selling it may retain for himself all that he receives for the property over a certain fixed amount.

"If in this case it was the agreement or understanding between the plaintiff, Kenny, and the defendant Rogers, that Rogers might retain for himself all that he received for Kenny's interest in the mining claims described in the complaint, over and above a certain specified sum, then the plaintiff Kenny is not entitled to recover in this action anything in excess of said specified sum, no matter how much such excess might be, or how soon it was received by the defendant Rogers after the completion of the negotiations.   If an owner of property gives an option to another for its sale or purchase at a specified price, the party holding such option is not bound to account to the owner for any part of the purchase price received by him over and above the price fixed by the option.   In that event the holder of the option is not the owner's trustee, agent, or broker for the sale of the property; but in selling it acts for himself, and is not accountable to the owner for any excess received by him over the option price, and for the purposes of this case it is immaterial whether such option was in writing or not.   Defendant Rogers had the right to purchase the mining claims described in the complaint from the said Kenny upon any terms mutually agreed upon between them, provided that at the time the agreement was made the defendant Rogers was acting in the highest good faith toward plaintiff Kenny, and without any misrepresentation of fact or any concealment of any fact connected with the transaction, and if the plaintiff Kenny had full knowledge as to the state and character of the negotiations at that time; and if such purchase was so made, and if the terms of the purchase were complied with by the defendant Rogers, then the plaintiff cannot recover, then your verdict must be for the defendant Rogers."

We are of the view that these instructions presented to the jury correctly and with sufficient clearness the disputed issues of fact decisive of the case, and that the verdict of the jury must be held to conclusively establish plaintiff's version of the facts.

Certain other matters are urged in appellants' brief, but we do not deem them of sufficient importance to warrant discussion here.

The order and judgment of the trial court are affirmed.

WHITING, J., not sitting.